**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

LARRY WAYNE JONES,                        *
ADC #70147                                *
                    Plaintiff,            *
vs.                                       *
                                          *        No. 5:08-cv-00233-SWW-JJV
RAY HOBBS, Chief Deputy Director,         *
Arkansas Department of Correction; *et al.,*   *
                                          *
                    Defendants.           *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge  (if such a hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 51).  Plaintiff has filed a Response (Doc. No. 62) in opposition to the Motion and the matter is ripe for a decision.

On March 17, 2010, United States Magistrate Judge Henry L. Jones, Jr.,[1] found that Defendants' Motion should be denied with respect to the exhaustion issue, and the remaining issues should be held in abeyance.  Judge Jones also determined that Plaintiff's motion to withdraw his amended complaint and motion to file a second amended complaint, alleging a claim pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), should be granted.

The matter went to District Judge Susan Webber Wright for final disposition and Judge Wright declined to follow these recommendations.  Instead, by Order dated July 1, 2010 (Doc. No. 103), she ruled that Plaintiff's Motion to Withdraw his amended complaint (and reinstate the original complaint) (Doc. No. 57) should be granted, but that Plaintiff's Motion to File the Second Amended

---

[1]Magistrate Judge Jones retired on April 17, 2010, and  this case was reassigned to United States Magistrate Judge Joe J. Volpe.

Complaint (Doc. No. 65) asserting the RLUIPA claim, should be denied.  She also directed that the case be referred back to the magistrate judge "for further consideration and additional findings regarding Defendants' argument that Plaintiff failed to exhaust his administrative remedies as to his initial claims set forth in the original complaint and the additional arguments presented in support of Defendants' motion for summary judgment."

As directed, the Court held a hearing to consider the exhaustion and summary judgment issues on August 24, 2010.  Having reviewed the testimony and evidence presented by the parties, the Court now renders the following Proposed Findings and Recommendation.

## II.    FACTS

Plaintiff is a state inmate incarcerated at the Varner Super Max Unit of  the Arkansas Department of Correction (ADC).  He filed this action against Defendants on August 21, 2008, alleging a First Amendment violation of his freedom of speech as a result of the ADC's handling of his book order.

Plaintiff ordered two books, "Hitler's Scientists," and "The Complete Guide to Home Wiring," which were delivered to the prison unit's mail room in July or early August, 2007.  Plaintiff ordered the books together to avoid multiple shipping costs.  When the shipment arrived, Plaintiff was notified by the mail room supervisor that under the ADC  Publications Policy, the wiring book posed a threat to the security of the institution.  Therefore, officials referred the book to the Assistant Warden, who forwarded it to the Unit Publication Review Committee.  During this time, prison officials held the other book in storage.

On August 30, 2007, prison officials notified Plaintiff that the wiring book was rejected as a security threat.  He appealed, and the Central Office Publication Review Committee  affirmed the decision on December 20, 2007.  The Committee contacted Plaintiff concerning the disposal of the

wiring book in January, 2008. In addition, prison officials notified Plaintiff in April, 2008, that the prison's mail policy did not permit them to split the shipment and, thus, required them to return both the wiring book and "Hitler's Scientists."

In his lawsuit, Plaintiff alleges that refusing to separate the permissible book, "Hitler's Scientists," from the impermissible book, "The Complete Guide to Home Wiring," violated his free speech rights pursuant to the First Amendment. His lawsuit names as defendants Warden Grant Harris and Assistant Director Ray Hobbs. However, in his grievance, Plaintiff only named the mail room supervisor, Ms. Conrad.

## III.   APPLICABLE LAW

### A.   Summary Judgment

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulaney v. Carnahan*, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County*, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

B.    **Exhaustion**

The Prison Litigation Reform Act (PLRA) states:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Plaintiffs must exhaust their administrative remedies prior to filing a lawsuit.  In enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).  "The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  [Plaintiff] failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).  Additionally, while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones v. Bock*, 549 U.S. 199, 218 (2007).

C.    **HEARING EVIDENCE**

Tiffanye Compton, the Inmate Grievance Coordinator of the ADC, testified at the hearing concerning the grievance policy in effect in August, 2007.  She reported that, according to Administrative Directive AD 07-03, (Def. Ex. 2), three steps are necessary to complete the grievance process: 1) the filing of an informal resolution; 2) the filing of a formal complaint (grievance); 3) and appealing to the chief deputy director/deputy director/assistant director.  AD 07-03, ¶ IV. E-G.  She further reported that the policy states, "grievances must specifically name each individual involved for a proper investigation and response to be completed by the ADC. . . . Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or

5

commission for failure to exhaust against all parties." AD 07-03, ¶ IV.C.4.  Ms. Compton also noted

that inmates are directed, when completing the first stage of the process, to "write a brief statement

that is specific as to the substance of the issue or complaint to include the date, place, personnel

involved...." IV.E.2.  The purpose of this requirement, according to Ms. Compton, is to make sure

that all allegations against all individuals are covered in any investigation which follows.

Plaintiff filed an informal resolution complaining about the confiscation of "Hitler's

Scientists" and the wiring book on April 3, 2008 (Def. Ex. 3).  In this grievance, Plaintiff stated, "The

ADC, Ms. Conrad (Mail Room Supervisor) and other ADC employees whose identities I do not know

are wrongfully denying me the book. . . . "  Ms. Conrad is the only individual named in the grievance.

When he was unable to reach an informal resolution, Plaintiff filed his formal grievance on April 9,

2008.  Defendant Harris denied his formal grievance on May 6, 2008.  Plaintiff appealed Harris'

denial of his grievance, and in his appeal Plaintiff named Harris.  However, Ms. Compton testified

that naming an additional person during the appeal process was against the prison's grievance policy.[2]

Defendant Hobbs denied Plaintiff's appeal on July 24, 2008.

At the conclusion of defense counsel's presentation of evidence, it was clear that Plaintiff had

named only Ms. Conrad in his grievance.  Plaintiff attempted to overcome the exhaustion hurdle by

arguing that at the time he filed the grievance, he was not aware of Defendants Hobbs and Harris'

involvement in the Mail and Publications policies and he, therefore, listed "other ADC employees

whose identities I [did] not know."  This argument is without merit.  The prison grievance policy must

be followed and failure to follow this policy is fatal to Plaintiff's claim.  *Jones v. Bock*, 549 U.S. at

218 (2007).

---

[2]AD 07-03 III.D. (Def. Ex. 2) provides that the appeal cannot raise new or additional
issues or complaints.

Plaintiff further argued that he did not become aware of Defendant Harris' involvement until May 6, 2008, when Harris denied his formal grievance and only learned of Defendant Hobbs' involvement when his appeal was denied on July 24, 2008.  Furthermore, Plaintiff stated the policy is unfair because it does not allow an inmate to "pick up" a specific individual (or amend the grievance) during the grievance process, as identities of those involved become known to the inmate.  Plaintiff's arguments in this regard are unavailing.  *Id.*

Based on evidence presented at the hearing, and the case law set forth above, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to Defendants Harris and Hobbs prior to filing this lawsuit on August 21, 2008.  Therefore, Plaintiff's complaint against these Defendants should be dismissed for failure to exhaust.[3]

## IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 51) be GRANTED, and that Defendants Harris and Hobbs be DISMISSED from the complaint, without prejudice.

DATED this 31st day of August, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]At the hearing, the Court granted Plaintiff's oral motion to supplement his original Complaint by adding Ms. Sherry Conrad as a defendant.  The Court entered an Order on August 25, 2010, to this effect, directing the issuance of summons and service on Ms. Conrad.